IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZACKARY FERREZZA,

    Plaintiff,

vs.

PARAGON FLOOR COVERING LLC and ADAM BORDER,

    Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ZACKARY FERREZZA ("Mr. Ferrezza," or "Plaintiff") sues Defendants, PARAGON FLOOR COVERING LLC ("Paragon"), and ADAM BORDER ("Mr. Border"), (collectively "Defendants") and states:

### NATURE OF ACTION

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### PARTIES

2. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

3. Paragon was, and continues to be, a Florida limited liability company, engaged in the transaction of business throughout the state of Florida, with its principal place of business located at 3520 Sickler Drive, Dade City, Fl 33523.

4. Defendant, Adam Border was, at all times material, the owner, and Manager of Paragon. Upon information and belief, Mr. Border is a resident of Pasco County, Florida.

## JURISDICTION AND VENUE

5. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, the Court has subject matter jurisdiction under 28 U.S.C. §1331.

6. Defendants are engaged in the business of installing commercial floor coverings throughout the state of Florida. Defendants' business activities within this judicial district are substantial and not isolated.

7. The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**Enterprise Coverage**

8. At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiff's "employer" and Plaintiff was an "employee" of Defendants.

9. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials moved through interstate commerce, including, but not limited to, flooring, tools and equipment, and supplies, which were used directly in furtherance of Defendants' commercial activities.

10. At all times material, Defendants had gross sales volume of at least $500,000.00 annually.

11. At all times material, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

**Individual Coverage**

12. The FLSA individually covers Plaintiff because he was "engaged in commerce." Specifically, Plaintiff's duties required communication with out of state customers, vendors, and suppliers. Plaintiff also regularly and recurrently used goods that traveled through interstate commerce to perform his work.

13. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Paragon.

**Individual Liability – Defendant Mr. Border**

14. At all times material hereto, Mr. Border was the Owner/Manager of Paragon.

15. At all times material, Mr. Border regularly held and/or exercised the authority to hire and fire employees, to decide the work schedules for the employees, and to control the finances and operations of Paragon.

16. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of Paragon, Mr. Border is an employer as defined by 29 U.S.C. § 201, et. seq.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

17. Plaintiff, Mr. Ferrezza, realleges Paragraphs 1 through 16.

18. Defendant Paragon specializes in commercial flooring, installing vinyl and laminate in hospitals, medical settings, and colleges and universities.

19. Plaintiff worked for Defendants as an "Flooring Installer" from on or around June 25, 2022, until approximately January 23, 2023.

20. As a Flooring Installer, Plaintiff's primary duties were to remove existing floor surfaces, prepare the work surface, apply adhesive, and install laminate wood, tile, or other types of flooring surfaces.

21. From June 25, 2022, until January 23, 2023, Defendant paid Plaintiff a salary at the rate of $1,057 per week. Plaintiff was not paid overtime compensation.

22. At all times material, Plaintiff's regular work schedule was six days per week from 7:00 a.m. until 6:00 p.m., Monday through Saturday. At times, Plaintiff worked as late as 11:00 p.m. to finish a work project. Plaintiff regularly worked approximately 60-70 hours per week.

23. Beginning at the time Plaintiff was hired and continuing through present, Plaintiff worked hours and work weeks in excess of forty (40) hours per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

24. Plaintiff is entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

26. Defendants' actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith.

27. Pursuant to 29 U.S.C. 216 (b), Plaintiff is entitled to recover unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff, Zackary Ferrezza, respectfully requests the following relief:

   a. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207,

   b. Unpaid overtime compensation,

   c. Liquidated damages,

   d. Attorney fees and costs per 29 U.S.C. § 216(b), and

   e. Any other relief this Court believes to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: March 3, 2023

                                  Respectfully,

                                  /s/ Jason L. Gunter
                                  Jason L. Gunter
                                  Fla. Bar No. 0134694
                                  Email: Jason@GunterFirm.com
                                  Conor P. Foley
                                  Fla. Bar No. 111977
                                  Email: Conor@GunterFirm.com
                                  Adam C.R. Heisner
                                  Fla. Bar No. 124727
                                  Email: Adam@GunterFirm.com

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017